# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

LORI McGREGOR,

        *Plaintiff*,

vs.

SHANE'S BAIL BONDS, et al.,

        *Defendant.*

Case No. 09-2489-EFM/KMH

## MEMORANDUM AND ORDER

Believing that Defendants Shane's Bail Bonds and Roy Delbert Snyder Jr. had violated her Fourth, Fifth, and Fourteenth Amendment rights, Ms. Lori McGregor filed suit in Johnson County District Court. On August 18, 2009, Kansas District Court Judge David Hauber dismissed Ms. McGregor's action without prejudice and ordered her to pay Defendants $1,000 before refiling her case. Following this dismissal, on September 17, 2009, Lori McGregor, proceeding pro se, filed a Notice of Removal with this Court, asserting federal question jurisdiction under 28 U.S.C. § 1331. In addition to this Notice, she also filed a petition to proceed *in forma pauperis*. After reviewing Ms. McGregor's filings and construing them liberally,[1] this Court, for the reasons that follow, concludes that this matter should be remanded to the Johnson County District Court.

---

[1] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

**ANALYSIS**

"Section 1441 of Title 28 of the United States Code governs removal generally."[2] This section permits defendant(s) in a state-court civil action to remove the action to the federal district court that embraces the place where such action is pending, if the district court has original or supplemental jurisdiction over the state-court claims.[3] Remand of the action is required "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[4] Doubts about the propriety of removal are resolved in favor of remand.[5]

A simple reading of the statutory requirements governing the process of removal shows that some of the requirements are procedural,[6] while others are jurisdictional.[7] Based on its reading of the removal statutes and the relevant precedent, this Court concludes that the requirement that the notice of removal be filed by the defendant is jurisdictional. The Rules of Civil Procedure simply do not provide a plaintiff with the ability to remove an action to federal court.[8] Therefore, in cases where a plaintiff attempts to remove an action that he initiated in state

---

[2]*Oltremari v. Kan. Soc. & Rehabilitative Serv.*, 871 F. Supp. 1331, 1342 (D. Kan. 1994).

[3]*Id.* (citing 28 U.S.C. §§ 1441(a) and (c)).

[4]*City of Neodesha, Kan. v. BP Corp. N. Am. Inc.*, 355 F. Supp. 2d 1182, 1185 (D. Kan. 2005).

[5]*Feil v. MBNA Am. Bank, N.A.*, 417 F. Supp. 2d 1214, 1216 (D. Kan. 2006).

[6]*See Montgomery v. Sioux City Seed Co.*, 71 F.2d 926, 927 (10th Cir. 1934) (stating that "[t]he requirement as to the time within which removal proceedings shall be taken is not jurisdictional").

[7]*See Friddle v. Hardee's Food Sys., Inc.*, 534 F. Supp. 148, 149 (W.D. Ark. 1981).

[8]*See Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993); *Ballard's Serv. Ctr., Inc. v. Tranuse*, 865 F.2d 447, 449 (1st Cir. 1989); *Am. Int'l Underwriters v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988); *Strich v. Bd. of County Commissioners*, 2009 WL 2710146, at *1 (D. Colo. Aug. 25, 2009); *Yee v. Mich. Sup. Ct.*, 2007 WL 1198905, at *2 (E.D. Mich. April 19, 20007); *Old Eur. Cheese, Inc. V. Green Ave. Inc.*, 2005 WL 2206462, at *1 (W.D. Mich. Sept. 12, 2005); *Hydro-Action, Inc. v. James*, 233 F. Supp. 2d 836, 841 (E.D. Tex. 2002); *Gehm v. New York Life Ins. Co.*, 992 F. Supp. 209, 210 (E.D.N.Y. 1998); *Smith v. St. Luke's Hosp.*, 480 F. Supp. 58, 60-61 (D.C.S.D. 1979).

court to federal court, the receiving court should remand the action back to state court because it lacks subject matter jurisdiction to entertain the suit.[9]

Here, the party who filed the notice of removal was Ms. McGregor, the plaintiff. As stated above, Ms. McGregor, acting as the plaintiff, does not have the legal authority to remove her action. As a consequence, this Court is without jurisdiction to entertain the suit. Therefore, this matter should be remanded back to the Johnson County District Court.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Notice of Removal is STRICKEN and the petition to proceed *in forma pauperis* is DENIED. The matter is HEREBY REMANDED BACK TO THE JOHNSON COUNTY DISTRICT COURT.

**IT IS SO ORDERED.**

Dated this 22nd day of September, 2009, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[9] *See* 28 U.S.C. § 1447(c); *O'Phelan v. Meek*, 2009 WL 151925, at *2 (D. Haw. Jan. 22, 2009) ("Because § 1441(a) does not authorize Plaintiffs to remove the action they initiated in state court, this Court lacks jurisdiction and the action must be remanded to state court."); *Caston v. Caldwell*, 2006 WL 1751207, at *1 (W.D. La. June 22, 2006) ("While this court may exercise federal question jurisdiction over § 1983 claims, it may not exercise jurisdiction over cases removed in violation of the provisions of 28 U.S.C. § 1441."); *Rogers v. Enter. Rent-A-Car*, 2002 WL 32668181, at *1 (N.D. Tex. Oct. 4, 2002) ("Here, plaintiff is attempting to remove a case he filed in state court to federal court. This is not authorized by any statute or rule and does not properly confer federal jurisdiction."); *see also Commercial Associates v. Tilcon Gammino, Inc.*, 670 F. Supp. 461, 464 (D.R.I. 1987) (declaring that § 1441(b), unlike § 1441(a), is "not jurisdictional in the true sense since it d[oes] not authorize the removal of diversity cases to the federal courts").